## THOMPSON J. BIRD et al. v. J. C. CAIN et al.

Where the garnishee had been served with the interrogatories, and the order of court requiring the same to be answered, and had been cited to answer the same, in default of which judgment *pro confesso* had been taken against him; in an action brought by him to annul the judgment upon the grounds, there was no legal citation and that the petition for the garnishment asked for no judgment against him: *Held*, there were no such errors in the form of the proceeding as to justify the annulment of the judgment.

APPEAL from the District Court of East Baton Rouge, _Burk_, J.

_A. M. Dunn_, for plaintiffs, contended: 1. As _Cain_, in his petition, asked for no judgment, was it proper to render one? 2. Should not the petition have notified them that _Cain_ sought to recover from them a judgment? He only demanded that they answer the interrogatories; and as they owed _Hereford_ nothing, and no judgment was prayed for against them, they might well conclude that none was to be rendered. 3. No citation issued. The order accompanying the petition was to answer the interrogatories; they were not therein notified of the demand of $500 or any sum; they were not required to comply with any demand; neither is the order in any respect a citation; it wants all the requisites. 4. Citation is the commencement of an action. An action of a suit and the judgment follows, and should be analogous to the prayer of the petition. Now, as there is no demand, no prayer in the petition or citation that these plaintiffs were to be condemned to pay severally $500, it certainly could not have been in the ordinary course of things. 5. But defendants says it was an extraordinary proceeding authorized by an act of the Legislature. I deny this proposition, for the act relied on expressly declares, _verbatim_, "Plaintiffs in _fi. fa._ shall cause such third person to be cited to answer under oath," &c., "in the same manner and with the same regulations as are provided in relation to garnishees in cases of attachment," and "garnishees liability in the same manner as in cases of attachment." 6. Art. 246 C. P. reads "A creditor may make a third person a party to the suit by having him cited, and he is termed the garnishee.".

In cases of attachment the law assuredly requires a citation, a copy of the petition, and a prayer for judgment, all duly and legally notified to the garnishee. The textual provision of the code is clear, and it would be very extraordinary in such a case to render a judgment when none was prayed for, or the demand notified to the party; then the act of the Legislature, instead of making a change in practice, expressly provides that the same manner, same regulations shall be observed in this summary proceeding. It confers upon the creditor, on the return of _nulla bona_, the right to sue a third person indebted; to sue by petition and citation in ordinary form, and not in a summary manner, loosing sight of all form and taking judgments not asked for. Any man might be deceived by such a proceeding.

7. The nullity of a judgment can be demanded, if the defendant has not been legally cited. C. P. 604, 605, 606.

In conclusion, the court will observe that the judgment appealed from is acquiesced in by plaintiffs; that all rights are reserved to _Cain_ as of the date of his imperfect proceedings; that he can amend and these plaintiffs ruled to answer; he cannot suffer, and should not wish these plaintiffs to pay other men's debts, at least without strict law, when they owe nothing.

_J. M. Brunot_, for defendants, contended: This honorable court will see from the proceedings themselves, the garnishees have no right whatever to complain; they had not notice and ample time granted them to answer the plaintiffs interrogatories. There was no attempt to take any advantage whatever, and, as mere stakeholders, we cannot understand what right they have to complain that the original petition addressed to _Hereford_ was not served on them. 14 L. R. 511. The garnishees could not open the judgment obtained by _Cain_ v. _Hereford_. We think, under the law as laid down in _Lee_ and _Hardy_ v. _Palmer et al._, 18 L. R. 411, this honorable court will reverse the judgment of the court below, annulling our judgment in the suit No. 203 against the garnishees, as being entirely unsupported either by the law or evidence. In the case just cited this honorable court remarks, "we have noticed in a number of attachment cases that have come before us, that much of the litigation is to be traced to the garnishees, for what purpose is not difficult to discover."

In the case of _Sturges_ v. _Kendall_, found in 2d Ann. 566, this honorable court will discover we have done more in the present instance than was required there, and it would seem strange, if the garnishees should be suffered to escape, where it is clear they have had every chance to discharge themselves by obeying the order of the court, if in point of fact they had a valid defence.

The judgment of the court was pronounced by

SLIDELL, J. This is an action to annul a judgment obtained by _Cain_ against _Bird_, _Dawson_ and _Scudder_, under the following circumstances: In May, 1849, _Cain_ obtained a judgment against _Hereford_, in a suit entitled _Cain_ v. _Hereford_,

for the sum of $500, interest and costs. A *fieri facias* was issued upon this judgment in October, 1849 ; and upon the 30th November, 1849, *Cain* filed a petition, entitled *In the suit of Cain* v. *Hereford*, and in the same court wherein the judgment had been rendered, in which he states that he has issued a *fieri facias*, that no property has been found by the sheriff, and that he has good reason to believe that *Bird*, *Dawson*, *Scudder* and *Adams*, are indebted to *Hereford*, and prays that they answer the following interrogatories : Interrogatory 1st. Are you liable to pay now, or at any time hereafter, any monies to the defendant *Francis N. Hereford ;* and if yea, does said indebtedness amount to five hundred dollars, or any smaller or larger sum ? Please state amount. If said monies have been paid, when were they paid, and to whom ? Interrogatory 2d. Are you liable to the defendant for any property or effects of any nature or description whatever ? If yea, describe same and their value. Upon this petition the following order was made : " Ordered, the parties named in the foregoing petition and prayed to be held to answer interrogatories be served with same, and respond thereto under oath as prayed for, on or before the 15th day of December next, or show cause at the next term of our court why they should not be taken for confessed. November 30, 1849. (Signed,) J. J. BURK, Judge Sixth Judicial District." Thereupon a citation was issued by the clerk of the following tenor : " Citation. State of Louisiana, Parish of East Baton Rouge, Sixth Judicial District Court, Clerk's office. To *Mr. John W. Dawson*, *Thompson J. Bird*, *Amos Adams*, and *John R. Scudder*, residing in the parish of East Baton Rouge, greeting: You are hereby ordered to answer under oath, the interrogatories propounded to you and hereto annexed, on or before the 15th instant, or show cause at the next term of our said court why they should not be taken for confessed. *John C. Cain* v. *F. M. Hereford et al.*, garnishees. No. 208. Witness the honorable JOHN J. BURK, Judge of our said Sixth Judicial District Court, this 3d December, A. D. 1849. M. MORENO, Clerk."

Personal service of this citation, together with a certified copy of the petition of garnishment and interrogatories, was made upon each of the garnishees upon the 4th December, 1849. *Adams* answered the interrogatories. The others made no appearance. On the 9th January, 1850, being the third day of the next term of the court, a judgment by default was entered against *Bird*, *Dawson* and *Scudder ;* and on the 14th January, at the same term, a final judgment was rendered, decreeing that the interrogatories be taken as confessed, and that the plaintiff recover of *Bird*, *Dawson* and *Scudder*, severally, the sum of $500, or such sum as may pay and satisfy the execution, not to exceed $500, issued on the judgment rendered in favor of *Cain* v. *Hereford*, and costs. Notice of this judgment was duly served upon each of them.

A *fieri facias* was issued upon this judgment against the three garnishees which has been enjoined in the present cause. A decree was rendered in the court below perpetuating the injunction, and declaring the judgment against the garnishees null and void. From this decree *Cain* has appealed.

In support of this decree it is urged, that *Cain* asked for no judgment in his petition of garnishment, but merely required *Bird* and the others to answer the interrogatories ; that the process issued has not the essential requisites of a citation ; that in proceedings under the act of 1839 citation is necessary ; and that under the Code of Practice the nullity of a judgment may be demanded in an action of nullity, where the defendant has not been legally cited.

We are not prepared to say that there was such irregularity in the proceedings as would have enabled the garnishees to reverse the judgment rendered

<em>BIRD<br>v.<br>CAIN.</em>

against them, if they had taken an appeal from that judgment. But without expressing an opinion upon that point, we conceive it to be clear that there was no such radical defect in those proceedings as would authorize them to proceed by action of nullity. Under the provisions of the Code of Practice, a party may be relieved from a judgment by an action of nullity, where there has been an utter absence of citation; and perhaps that remedy might extend to a case where the citation was so grossly defective as to justify the belief that the party to whom it was addressed was left in the dark as to when and where he was to appear and make defence. But we see no warrant in the code for extending the remedy by action of nullity to minor defects of form, where the party has been warned by such process as is here shown, emanating from a court of competent jurisdiction, seasonably and personally served upon him, to appear before such court at a certain day and answer in the cause. As to the argument that no judgment was expressly demanded in the petition, it seems to us untenable. The petition sufficiently informed the appellees that the plaintiff was proceeding against them as garnishees for an amount of $500, and the order made upon it, of which a copy was served upon them, warned them of the creditor's intention to take a judgment *pro confesso*, if the interrogatories were not answered. It is difficult to attribute the non-appearance of the garnishees to any other cause than either negligence, or an unwillingness to answer the interrogatories.

Being of opinion that there was no irregularity in the proceedings which can be reached by action of nullity, and that the parties should have sought relief, if any they were entitled to, by an appeal, the judgment in this cause must be reversed.

It is therefore decreed, that the judgment be reversed; that the injunction be dissolved; that there be judgment in favor of the defendant; that the said defendant recover from the said *Bird, Dawson* and *Scudder,* and *Charles Tessier,* their surety, *in solido,* the sum of fifty dollars as extra interest and damages; and that the said plaintiffs pay the costs of this suit in both courts.